582

**RLI INSURANCE COMPANY,**
an Illinois Corporation,
Plaintiff—Appellee,

v.

**Andrea NEFF, an individual,**
Defendant—Appellant.

No. 07–17301.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 2009.

Filed May 13, 2009.

Steven James Gross, Michael Christopher Grubbs, Esquire, Steven Plitt, Kunz Plitt Hyland Demlong & Kleifield, Phoenix, AZ, for Plaintiff–Appellee.

John Joseph Jakubczyk, Esquire, Jakubczyk & Saverino PC, Phoenix, AZ, Charles S. Limandri, Esquire, Law Offices of Charles S. Limandri, Rancho Santa Fe, CA, for Defendant–Appellant.

Before: NOONAN, ARCHER,* and McKEOWN, Circuit Judges.

---

\* The Honorable Glenn L. Archer, Jr., United States Circuit Judge for the Federal Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although the district court vacated judgment in favor of RLI with respect to the issue

MEMORANDUM **

RLI Insurance Company's ("RLI") commercial umbrella policy includes a following form endorsement entitled "AUTOMOBILE LIABILITY FOLLOWING FORM." This endorsement covers "liability for bodily injury or property damage [that] is covered by valid and collectible underlying insurance as described in the schedule of underlying insurance ... for such hazards for which coverage is afforded under said underlying insurance." We agree with the district court that in this case RLI's umbrella policy was limited to the liability of the insured and the following form endorsement did not incorporate the underinsured motorist ("UIM") coverage from the Coregis policy. Contrary to Neff's argument, the following form here serves only to ensure that RLI would be the excess insurer for the liability of the insured.[1]

Additionally, the Arizona statutes treat umbrella policies differently from underlying insurance policies. Arizona Statute 20–259.01(L) expressly excepts umbrella policies from the requirement that the insurer make UIM available to the insured. This action by the Arizona legislature suggests that an umbrella policy should not be presumed to include UIM coverage.

**AFFIRMED.**

of coverage and did not reenter judgment on that issue, the court and the parties treated that judgment as dispositive of the coverage issue. We treat the initial judgment in favor of RLI on coverage as being merged into the final judgment for purposes of a final appealable order.